IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 1:10-cv-10803 |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD JARVIS, | ) | |
| KATHLEEN JARVIS, and | ) | |
| TOWN OF ABINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action to reduce to judgment unpaid federal tax assessments made by the Internal Revenue Service against the defendant, Edward Jarvis (hereinafter "Taxpayer"), and to enforce federal tax liens upon the property described in this complaint, title of which is held in the name of Edward Jarvis and Kathleen Jarvis, with such property to be sold at a judicial foreclosure sale. For its complaint, the United States alleges as follows:

**JURISDICTION AND PARTIES**

1.  Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340 and 1345.

2.  The defendant-taxpayer Edward Jarvis resides in Abington, Massachusetts, within the jurisdiction of this Court.

3. The defendant Kathleen Jarvis resides in Abington, Massachusetts, within the jurisdiction of this Court. Kathleen Jarvis is made a defendant pursuant to 26 U.S.C. § 7403 as she may claim an interest in the property upon which the United States seeks to enforce its liens.

4. The defendant Town of Abington, has a place of business at the Assessor's Office, 500 Richard F. Gliniewicz Way, Abington, Massachusetts 02351. The Town of Abington is made a defendant pursuant to 26 U.S.C. § 7403 as it may claim an interest in the property upon which the United States seeks to enforce its liens.

**COUNT ONE (To Reduce Income Tax Assessments to Judgment)**

5. On the following dates, a delegate of the Secretary of the Treasury made assessments against the Taxpayer for unpaid federal income taxes, penalties, and interest, for the following income tax years, in the following amounts, which have balances due with all accruals as of March 15, 2010, as follows:

| Tax Period Ended | Assessment Date | Assessment Type | Assessment Amount | Balance Due as of March 15, 2010 |
|---|---|---|---|---|
| 12/31/94 | 7/30/01 | Est. Tax Penalty | $ 161.89 | $ 4,862.33 |
| | | Late Filing Penalty | 849.00 | |
| | | Tax | 5,881.00 | |
| | | Interest | 3,032.50 | |
| | 7/25/05 | Failure to Pay Penalty | 407.52 | |
| | 9/22/08 | Fees and Costs | 10.00 | |
| 12/31/95 | 7/30/01 | Est. Tax Penalty | $ 169.19 | $ 12,507.22 |
| | | Late Filing Penalty | 853.00 | |
| | | Tax | 6,040.00 | |
| | | Interest | 2,405.20 | |
| | 7/25/05 | Failure to Pay Penalty | 853.00 | |

| Tax Period Ended | Assessment Date | Assessment Type | Assessment Amount | Balance Due as of March 15, 2010 |
|---|---|---|---|---|
| 12/31/96 | 7/30/01 | Est. Tax Penalty | $   173.64 | $   12,123.40 |
|  |  | Late Filing Penalty | 893.75 |  |
|  |  | Tax | 6,389.00 |  |
|  |  | Interest | 1,933.04 |  |
|  | 7/25/05 | Failure to Pay Penalty | 893.75 |  |
| 12/31/97 | 7/30/01 | Est. Tax Penalty | $   273.17 | $   16,422.20 |
|  |  | Late Filing Penalty | 1,306.50 |  |
|  |  | Tax | 6,305.00 |  |
|  |  | Interest | 2,023.93 |  |
|  | 7/25/05 | Failure to Pay Penalty | 1,306.50 |  |
| 12/31/98 | 7/30/01 | Est. Tax Penalty | $   61.88 | $   4,359.00 |
|  |  | Late Filing Penalty | 373.00 |  |
|  |  | Tax | 2,750.00 |  |
|  |  | Interest | 395.61 |  |
|  | 7/25/05 | Failure to Pay Penalty | 373.00 |  |

**TOTAL:   $   50,274.15**

6. A delegate of the Secretary of the Treasury of the United States issued notices of the assessments described in paragraph 5, above, to the Taxpayer, and made demand for payment to the Taxpayer.

7. Despite such notices and demand, the Taxpayer has failed, neglected, or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments, and credits, the Taxpayer remains liable to the United States for the unpaid balance of his 1994, 1995, 1996, 1997, and 1998 federal income tax liabilities in the total amount of $50,274.15 plus interest and other statutory additions from March 15, 2010.

**COUNT TWO  (Foreclosure of Federal Tax Liens)**

8. By warranty deed dated August 10, 1976, the Taxpayer purchased real property located at 46 Beaver Lane, Abington, Massachusetts  02351, from James Rindone, Sr., that is legally described as follows (hereinafter referred to as the "Property"):

> A certain parcel of land with the buildings thereon, situated in Abington, Plymouth County, Massachusetts, being known as Lot 10 on "Plan of Land, Beaver Lane, Abington, Plymouth County, Massachusetts", dated September 19, 1973, recorded with Plymouth Deeds in Plan Book 17, Page 746, bounded and described as follows:
>
> SOUTHEASTERLY        by Beaver Lane, one hundred ten (110) feet;
>
> SOUTHERLY            by Lot 11, four hundred twenty-two and 91/100 (422.91) feet;
>
> NORTHWESTERLY by land now or formerly of Konces, one hundred thirty-nine and 10/100 (139.10) feet; and
>
> NORTHERLY            by Lot 9, three hundred sixty-six and 26/100 (366.26) feet.
>
> Containing 41,061 square feet of land.
>
> The above described premises are conveyed subject to and with the benefit of easements and restrictions of record insofar as the same are now in force and applicable.

The warranty deed was recorded with the Plymouth County Registry of Deeds on August 11, 1976 at Book 4188, Page 194.

9. The failure, neglect, or refusal of the Taxpayer to pay the taxes, penalties, and interest assessed against him following notice of the assessments and demand for payment of the same, gave rise, as of the dates of the assessments, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all of the property and rights to property belonging to the Taxpayer in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law.  These federal tax liens are superior to any claims or other interests of the defendants to or

in the property belonging to the Taxpayers, including the Property, except for any real estate taxes due and owing to the defendant Town of Abington.

10. On September 2, 2008, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) for the unpaid 1994, 1995, 1996, 1997, and 1998 federal income tax liabilities of the defendant-taxpayer, Edward Jarvis, with the Registry of Deeds for Plymouth County, Massachusetts.

11. The federal tax liens that arose with the assessments against the Taxpayer referred to in ¶ 5, above, attached to the Property.

12. Pursuant to Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, the United States of America is entitled to judgment enforcing the federal tax liens described above and a decree ordering the foreclosure sale of the Property, and distributing the proceeds of such sale in accordance with the parties' respective rights and priorities.

**WHEREFORE**, the United States prays for judgment:

A. That this Court enter judgment for the United States of America against the defendant-taxpayer Edward Jarvis in the amount of $50,274.15, plus statutory interest and other statutory additions from March 15, 2010;

B. That the Court determine and adjudge that the United States has valid and subsisting federal tax liens on all property and rights to property of the defendant-taxpayer Edward Jarvis, including his interest in the Property described in ¶ 8, above;

C. That this Court order the enforcement of the United States' tax liens upon the Property described in this complaint, and that said Property be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties

hereto, and that proceeds of such foreclosure sale be distributed, after the costs of sale, to the United States and to the other parties in accordance with the law; and,

    D.    That this Court award the United States of America its costs and such further relief as is just and proper.

Dated: May 11, 2010

JOHN DICICCO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Andrea A. Kafka*
ANDREA A. KAFKA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Tel: (202) 305-7932; Fax: (202) 514-5238
Email: Andrea.Kafka@usdoj.gov

*Local Counsel*:
CARMEN M. ORTIZ
United States Attorney